Steven V. Berson Executive Director Department of Personnel 1st Floor, State Centennial Bldg. 1313 Sherman Street Denver, CO 80203
Dear Mr. Berson:
I am writing in response to the request of your office on July 1, 1982 for a formal legal opinion on the proper leave that should be granted under the rules and regulations of the Colorado State Personnel System to a state employee who voluntarily enlists in the National Guard.
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises specifically the following question:
Does an employee who voluntarily enlists in the National Guard for a six month period of active duty for training qualify for "Military Training Leave," as prescribed by Personnel rule 6-3-3, or in the alternative, should the employee be granted "Military Leave" under Personnel rule 6-3-4?
 Such voluntary enlistment in the National Guard falls within the provisions of Personnel rule 6-3-4, "Military Leave." The application of "Military Training Leave" under Personnel rule 6-3-3 would be outside the scope of that rule and in violation of federal law which protects the reemployment rights of veterans.
ANALYSIS
You have asked this office to consider the type of leave appropriate for a state employee who voluntarily enlists in the National Guard for a six month period of active duty for training and who has been awarded a $2,000 bonus for that enlistment. Rule 6-3-3 of the Colorado State Personnel System generally provides that an employee will be allowed a maximum of 15 days annual "military training leave" with pay. Following this 15 day period, the employee is charged annual leave or leave without pay subject to adjustments in the computation of years of service under rule 6-1-1(C) and 6-3-7(B). If granted "military leave" as provided by rule 6-3-4, the employee receives leave without pay for the entire period of service. Military leave, however, is not subject to the adjustments outlined in Personnel rule 6-1-1(C), and the employee would therefore earn years of service and credit as service for anniversary increases, increased earning of annual leave, stability awards and other service benefits as if he or she had not left the employment of the state. Personnel rule 6-3-7(B).
The Department of Personnel has concluded that, since the enlistment in question is voluntary because the active duty period is for training and because the application of Personnel rule 6-3-4 in this instance would seemingly negate the purpose of military training leave, the provisions of Personnel rule 6-3-3 would apply. It is my opinion that this is not the case and that Personnel rule 6-3-4 controls.
Personnel rule 6-3-3 states in pertinent part that "an employee who is a member of the National Guard or military reserve shall be granted military training leave for the annual encampmentor equivalent reserve training period" (emphasis added). Federal law concerning the organization of the National Guard requires that "each company, battery, squadron and detachment of the National Guard, unless excused by the Secretary, shallparticipate in training at encampments, maneuvers, outdoor targetpractice or other exercises, at least 15 days each year" (emphasis added). 32 U.S.C.A. 502(a)(2) (1971). It is clear that Personnel rule 6-3-3 specifically provides an opportunity for an individual to fulfill the yearly 15 day training requirement of service in the National Guard. It does not, nor is it intended to, include other types of service in the armed forces.
The Personnel rules additionally provide that "a maximum of 15 days in any calendar year shall be military training leave with pay and shall not be charged as any part of annual or compensatory leave." Personnel rule 6-3-3(A). This allows employees to fulfill annual encampment requirements without penalty to time credited as service. Once military training leave is exhausted, the employee is charged annual or compensatory leave without pay which, under Personnel rule 6-3-7(B), does not accrue credit "as service for anniversary increases, increased earnings of annual leave, stability awards or any other service benefits."
On the other hand, rule 6-3-4 provides that:
 Upon presenting proper military orders, an employee who enters active military service, including active service for training purposes, with the armed forces of the United States or other branch of service in the national defense, shall be granted military leave without pay.
(emphasis added). The rule allows that the service can be simply for training purposes. It also does not require that this service be involuntary. The only condition necessary is that the employee present proper military orders to enter active service with the armed forces or other service in the national defense. Voluntary enlistment into the National Guard for active duty for training consequently falls within the scope of this rule.
Personnel rule 6-3-7(B) additionally provides an exception for military leave as described by rule 6-3-4, and such leave consequently earns full credit toward service benefits. There are also no adjustments in computing years of service under Personnel rule 6-1-1(C). These exceptions are in accordance with case law where courts have held that although states are free to establish additional rights and protections supplemental to those provided by chapter 43 of the Veteran's Benefits Act (38 U.S.C.A. 2021-2026), they are not free to restrict the reemployment rights created by this chapter. Peel v. Florida Dept. ofTransportation, 600 F.2d 1070 (5th Cir. 1979).
Any other interpretation of this situation would also violate federal law which protects the reemployment rights of veterans. Federal law provides that:
 Any member of a Reserve component of the Armed Forces of the United States who is ordered to an initial period of active duty for training of not less than twelve consecutive weeks shall, upon application for reemployment within thirty-one days after (1) such member's release from such active duty for training after satisfactory service, or (2) such member's discharge from hospitalization incident to such active duty for training, or one year after such member's scheduled release from such training, whichever is earlier, be entitled to all reemployment rights and benefits provided by this chapter for persons inducted under the provisions of the Military Selective Service Act. . . .
38 U.S.C.A. 2024(c) (1980).
The reemployment rights and benefits protected by the selective service act are found at 38 U.S.C.A. 2021(a) (1976), which states that in the case of any person inducted into the Armed Forces of the United States under the Military Selective Service Act who leaves a permanent employment position:
 (b) if such position was in the employ of a State, or political subdivision thereof, or a private employer, such person shall —
 (i) if still qualified to perform the duties of such position, be restored by such employer or the employer's successor in interest to such position or to a position of like seniority, status, and pay; or
 (ii) if not qualified to perform the duties of such position, by reason of disability sustained during such service, but qualified to perform the duties of any other position in the employ of such employer or the employer's successor in interest, be offered employment and, if such person so requests, be employed by such employer or the employer's successor in interest in such other position the duties of which such person is qualified to perform as will provide such person like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances of such person's case.
These statutes read together mandate that any permanent employee who leaves an employer for active duty for training in a reserve component of the United States Armed Forces, upon completion of his or her service and reapplication to the employer, shall be restored to a position of seniority, status and pay similar to that which the employee held before his or her enlistment. Should the period of active duty performed by the employee be greater than four years, however, the employee is not entitled to claim these reemployment benefits. 38 U.S.C.A. 2024(b)(2).
The statute also states:
 It is hereby declared to be the sense of the Congress that any person who is restored to or employed in a position in accordance with the provisions of clause (A) or (B) of subsection (a) of this section should be so restored or reemployed in such manner as to give such person such status in the person's employment as the person would have enjoyed if such person had continued in such employment continuously from the time of such person's entering the Armed Forces until the time of such person's restoration to such employment, or reemployment.
38 U.S.C.A. 2021(b)(2) (1976).
A leave without pay for enlistment in the National Guard which was subject to adjustments in computing years of service under rule 6-1-1(C) and not credited toward service for anniversary increases, stability awards, increased earning of annual leave and other service benefits under rule 6-3-7(B) would therefore be in conflict with the legislative intent behind these laws.
SUMMARY
In conclusion, it is my opinion that Personnel rule 6-3-3, "Military Training Leave," is not applicable when a state employee voluntarily enlists in the National Guard for six months of active duty for training. This type of enlistment requires the application of Personnel rule 6-3-4, "Military Leave," in order to follow the mandates of federal laws which protect the reemployment rights of veterans.
The Department of Personnel is therefore obligated to offer leave which does not adversely affect a volunteer's time credited as service toward service benefits for employment, although it is not required to provide leave with pay during the volunteer's absence.
Very truly yours,
 J.D. MacFARLANE Attorney General
ARMED FORCES LEAVES OF ABSENCE NATIONAL GUARD
32 U.S.C. § 502
38 U.S.C. § 202438 U.S.C. § 2021
PERSONNEL, DEPT. OF Administration
When an employee voluntarily enlists for six months of active duty for training in the Nat'l. Guard, Personnel rule 6-3-4, "Military Leave," is appropriate. Application of "Military Training Leave" under Personnel rule 6-3-3 would be beyond the scope of this rule and in violation of title 43, veteran's benefits, 38 U.S.C.A. 2021-2026.